IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tiesha Evans, | C/A No.: 4:26-cv-1328-SAL |
| Plaintiff, | |
| v. | |
| South Carolina Law Enforcement Division; City of Florence; Officer McColl, in his individual and official capacity; John Doe Officers 1–10; Florence School District One; and Richard O'Malley, in his individual and official capacity, | **ORDER** |
| Defendants. | |

In March 2026, Plaintiff filed this civil action under 42 U.S.C. § 1983. [ECF No. 1.] This matter is before the court on the Report and Recommendation (the "Report") by United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [ECF No. 11.] The Report recommends dismissal of this case because Plaintiff's claims are barred by the statute of limitations. *Id.* Plaintiff was advised of her right to object to the Report and the consequences of failing to do so. *Id.* at 14. Plaintiff never filed objections after the Report was filed, but the docket reflects that she submitted premature objections along with her complaint. *See* ECF No. 5. For the reasons below, the court adopts the Report and dismisses this action.

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any

1

party may serve and file written objections. *Elijah v. Dunbar,* 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court to the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain its decision to adopt the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Still, a party must do more than state, "I object." *Id.*

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow her to fully develop potentially meritorious claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

The relevant facts and standards of law are incorporated from the Report. Briefly, Plaintiff alleges that on April 5, 2022, she was "seized" at her home because she was not told she was free to leave. See ECF No. 1 at 2. But the Report explains this case is subject to summary dismissal because Plaintiff filed her complaint nearly a year after the three-year statute of limitations ran. [ECF No. 11 at 3.] The Report also explains that there is no basis for tolling. *Id.*

Again, Plaintiff filed no objections in response to the Report. However, when she initially filed her complaint, she filed "preemptive" objections to the Report. *See* ECF No. 5. There, she objects to: (1) the Report's failure to credit her factual allegations; (2) the conclusion that Plaintiff failed to state a claim; (3) the recommended dismissal based on qualified immunity; (4) the recommended dismissal of her supervisory liability claims; and (5) the dismissal of her municipal liability claims. *See id.* at 2–4. She also requests leave to amend. *Id.* at 4. The preemptive objections, however, do not address the substance of the Report and the recommended reason for dismissal. The Report correctly concludes this case is barred by the statute of limitations with no basis for tolling. Even under de novo review, the court would adopt the magistrate judge's conclusions and recommendation. Plaintiff's preemptive objections are thus overruled.

**CONCLUSION**

Finding no clear error in the Report, ECF No. 11, it is adopted and incorporated. For the reasons discussed above and in the Report, this action is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

May 13, 2026                                    Sherri A. Lydon
Columbia, South Carolina               United States District Judge

3